# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 17 2018, 7:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam J. Farrar
Mt. Vernon, Indiana

ATTORNEY FOR APPELLEE

Thomas A. Massey
Evansville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Justin Howard Suedmeyer,

*Appellant-Respondent,*

v.

Julie Louise Suedmeyer,

*Appellee-Plaintiff*

May 17, 2018

Court of Appeals Case No.
65A01-1711-DR-2789

Appeal from the Posey Circuit Court

The Honorable James M. Redwine, Judge

Trial Court Cause No.
65C01-1510-DR-362

**Altice, Judge.**

## Case Summary

[1] Justin H. Suedmeyer (Father) and Julie L. Suedmeyer (now Maddix) (Mother) were previously married and have one child, L.S., in common. In January 2016, the parties entered into a mediated agreed final decree of dissolution of

marriage (the Agreed Decree), which the trial court accepted. The Agreed Decree granted Mother legal and physical custody of L.S. and Father parenting time in excess of the Indiana Parenting Time Guidelines (the Guidelines). Thereafter, in July 2017, Mother filed a petition seeking, among other things, modification of Father's parenting time. Following a hearing, the trial court modified Father's parenting time, reducing it to that provided by the Guidelines. Father now appeals.

We affirm.

## Facts & Procedural History

L.S. was born in December 2011, during Mother and Father's marriage. Mother and Father separated in September 2015, and their marriage was dissolved on January 20, 2016, just after L.S. turned four years old.

The Agreed Decree granted Mother legal and physical custody of L.S. With respect to parenting time, the Agreed Decree provided in relevant part:

> Unless otherwise agreed by the parties in writing (including text and e-mail), [Father] shall have parenting time with the child during the school year on alternating weekends commencing on Friday after school at an agreeable time and continuing [to] Monday morning. Also, on Wednesdays overnight and on the off-week (the week following [Father's] weekend parenting time), on Thursdays overnight as well. This results in [Father] having six (6) overnights and [Mother] having eight (8) overnights out of each two (2) week period.

> Unless otherwise agreed by the parties in writing, the parties shall follow the [Guidelines] for Holidays, special occasions and Summer parenting time, with the parties agreeing to a week-on/week-off schedule such that [Mother] will have approximately the week before school starts.

*Appendix Vol. 2* at 12. The parties followed this parenting-time schedule for about a year and a half while L.S. attended preschool.

On June 2, 2017, Mother filed a petition for modification, which was amended the following month. In relevant part, Mother sought a reduction in Father's parenting time during the school year because L.S. was about to start kindergarten. The parties failed to resolve the matter at mediation, so the trial court held a hearing on August 29, 2017.

Mother and Father both testified at the evidentiary hearing. Mother proposed changing Father's parenting time during the school year to every Tuesday from 4:00 p.m. to 8:00 p.m. and alternating weekends from Friday afternoon through Sunday at 6:00 p.m., which is equivalent to the Guidelines. In Mother's opinion, this change was in L.S.'s best interests because "[L.S.] needs a stable consistent routine, and it is in her best interest to spend her overnights when she is in school at [Mother's] house." *Transcript* at 11. Mother also noted Father's pattern of lying to her, including about where and with whom he was living. She also presented an exhibit indicating that Father had lived at five different addresses in Evansville since the Agreed Decree. Mother, on the other hand, still lived in the marital residence in Mount Vernon. Mother testified that she was not trying to punish Father and explained: "I am here because I believe it is

in the best interest of [L.S.] to have stability, stable routine with her beginning school.  Education is very important to me and I want her to have the best start in her educational life." *Id*. at 17.  L.S. started full-day kindergarten in August 2017.

During his brief testimony, Father acknowledged lying to Mother and that he had made mistakes but argued that he was not a "bad dad." *Id*. at 22.  Father also questioned Mother's motives for seeking the modification.

At the conclusion of the hearing, the trial court granted Mother's petition with respect to parenting time.  The court noted, "with [L.S.] starting school, it really does work out better to follow the guidelines." *Id*. at 26.  Given the change in parenting time, the trial court also issued a new support order, with Father paying $35 per week in child support.  Father filed an unsuccessful motion to correct error and now appeals.

## Discussion & Decision

Father contends that the trial court abused its discretion "in ordering the modification of the existing custody order." *Appellant's Brief* at 8.  The trial court, however, did not modify custody.  It modified parenting time. *See Moell v. Moell*, 84 N.E.3d 741, 744 n.2 (Ind. Ct. App. 2017) (addressing the differences between modification of custody and modification of parenting time).

Our standard of review in cases involving a modification of parenting time is well-settled.  On review, we neither reweigh the evidence nor judge witness

credibility. *Id*. at 745. We grant latitude and deference to the trial court and will reverse only upon a showing of manifest abuse of discretion. *Id*. No abuse will be found if there is a rational basis in the record supporting the trial court's determination. *Id*. "[I]it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Id*. (quoting *Duncan v. Duncan*, 843 N.E.2d 966, 969 (Ind. Ct. App. 2006), *trans. denied*).

[11]　"[P]arenting time may be modified 'whenever modification would serve the best interests of the child.'" *Miller v. Carpenter*, 965 N.E.2d 104, 111 (Ind. Ct. App. 2012) (quoting Ind. Code § 31-17-4-2). The evidence favorable to the judgment is that Father has experienced significant impermanence in housing since the Agreed Decree and had not always been honest with Mother regarding where he was living and, more importantly, where L.S. was staying while in his care. Moreover, Mother opined that with L.S. starting full-time kindergarten, it was in L.S.'s best interests to have stability and a consistent routine on school nights. This evidence supports the trial court's conclusion that modifying Father's parenting time is in L.S.'s best interests.

[12]　Judgment affirmed.

[13]　Najam, J. and Robb, J., concur.